THE PRES'T. DIRECTORS & CO. OF THE BANK OF PORTLAND
*versus*, DANIEL BROWN.

Such demand as is obligatory upon the maker of a note is a sufficient demand in reference to the liability of an indorser thereof.

If there be no appropriation of a payment made by either of the parties, the law will appropriate it, other considerations being equal, in the first instance, to the payment of a note absolutely due to ʼthe creditor, rather than of one transferred to him as collateral security only.

ASSUMPSIT against the defendant as indorser of a note of which a copy follows. — "Portland, March 31, 1835. For value received I promise to pay Daniel Brown, or order, two thousand eighty-one dollars in two years with interest annually.
　　　　　　　　　　　　　　　　　　　"Henry Illsley." ·

This note was indorsed by the defendant and by Mason Greenwood.

The messenger of the Portland Bank testified, that on April 3, 1837, he gave the maker of the note a written bank notice in the usual form, in the street at Portland, where he resided. He had not the note, which was at the bank. He also testified, that the defendant lived at Waterford in the county of Oxford, and that he deposited a letter, directed to the defendant at that place, in the postoffice on the same third of April, notifying him ·of the demand and non-payment. This suit was commenced December 12, 1840. The plaintiffs also introduced testimony to prove that their usage was to· keep notes in their bank, and send written notices to the makers and indorsers without sending out the notes to the makers ; and that Illsley, the maker of the note now in suit, was acquainted with this usage. No testimony was offered to show, that the defendant had any knowledge of such usage of the bank.

The defendant proved, that the plaintiffs on April 24, 1837, instituted a suit against Mason Greenwood, as indorser of this note, and also against him in the same suit, as maker of another note, dated Oct. 27, 1836, for $4000, signed also by William Cutter and others, payable to the Georgia Lumber Company,

and indorsed to the plaintiffs; that at the April Term of the S. J. Court, 1839, they recovered judgment in that suit for $7150,84, debt, and $7,25, costs; and that an execution issued thereon was satisfied by levy on real estate and sales of equities of redemption to the amount of $4787,78.

SHEPLEY J. presiding at the trial, instructed the jury, that if they were satisfied from the testimony, that the usage before mentioned was proved to exist, the maker of the note in suit knew of that usage, and that notice to the defendant was deposited in the postoffice as stated by the messenger, that there was sufficient evidence of a presentment and demand on the maker, and notice to the defendant, to render him liable as indorser, although he was ignorant of the usages of the bank. The question of appropriation of payments was left, by consent, for the whole Court, upon the facts in the case.

It was proved by the plaintiffs, that the note now in suit was negotiated to them by Greenwood as collateral security for a draft drawn by Glover & Co. on said Greenwood, and by him accepted, and which yet remains the property of the plaintiffs, and is unpaid.

The verdict was for the plaintiffs for the amount of the note in suit, which was to be amended or set aside, as should be the opinion of the Court.

*Howard,* for the defendant, contended, that as Brown was wholly ignorant of any of the usages of the bank, that he should not be bound by them. The demand on Illsley, the maker of the note, could not affect him. He was equally liable without any demand, and one was made on him merely to be effective as the foundation for charging Brown, and as he knew nothing of bank usages, he could not be made liable by them. 14 Mass. R. 303; 18 Maine R. 99.

The plaintiffs brought an action on this and another note in the same suit, and recovered judgment as one entire sum. More than the amount of this note has been paid on that judgment, and the plaintiffs cannot deny that this is not fully paid.

The parties made no appropriation of this payment, and the law appropriates it. The debtor having the first right of ap-

propriation, his intention and his interest is first to be looked at in making it by law. It is for his interest to have it appropriated to the payment of this, rather than the other note. 1 Mason, 323; 8 Wend. 403; 9 Wheat. 520; 1 Vern. 24; 1 Ev. Pothier, 368; 3 Sumn. 110; 1 Ld. Raym. 286; 2 Stark. R. 101; 1 Har. & Johns. 754; 2 Har. & Johns. 402; 9 Cowen, 747.

That to appropriate the payment to extinguish this note first is the right appropriation, appears from the consideration, that on this he was liable for the whole, and on the other only for and with others.

*Longfellow, Sen.* for the plaintiffs, said that any demand on the maker which constitutes a good demand on him, is sufficient for the purpose of laying the foundation for charging the indorser. Relies on *Whitwell* v. *Johnson*, 17 Mass. R. 449, as conclusive on this point.

The payment came from Greenwood's property, and if the law regards the interest of the debtor in making the appropriation, it was for his interest to have the appropriation made in payment of the other note. The plaintiffs have made an appropriation by bringing this suit on this note as unpaid. But if this was not done seasonably, the law would make the same. 3 Sumn. 99; 9 Wheat. 520.

The opinion of the Court, SHEPLEY J. concurring in the result thereof, was drawn up by

WHITMAN C. J. — The first question raised by the counsel for the defendant seems to be disposed of by the case of *Whitwell* v. *Johnson*, 17 Mass. R. 440. It is there decided, that such a demand as is obligatory upon the makers of notes is sufficient, in reference to the liability of indorsers. It is also said, in the *Bank of Washington* v. *Triplett*, 1 Peters, 34, that it is fairly to be presumed, that the maker of negotiable paper is acquainted with the customary law of the place in which he lives. The maker of the note in question was not only resident in the place at which the plaintiffs did their business, but was proved to have been conusant of the usage of

the plaintiffs at their banking house; and the mode of making the demand upon him was in conformity to that usage. This usage by banks has, moreover, been so often proved, and recognized as sufficient, in the cases reported, that perhaps it may now well be regarded as matter of public notoriety, and obligatory upon all in any manner connected with negotiable paper.

The other question presented is one of more difficulty. Certain rules have been laid down as to the appropriation of payments, which seem to be plain and explicit; but it still becomes difficult, in many cases, to determine, whether a case which may be presented comes within one or another, or either of them. The cases in which adjudications have been had are, mostly, if not all, those of payments made by the debtor himself from his own funds. The case here is of an involuntary payment, obtained by a levy of an execution upon the property of another. The debtor here, therefore, could have had no right to direct, as to how the payment should be applied. It was exclusively with the creditors to make the application. If they have done it, and have applied it to so much of their judgment against Greenwood, as was recovered upon the four thousand dollar note, there is an end of the defence upon this point. They contend that they have done so by bringing this action. It has been said, that the intention of the parties is to govern, in such cases. In this case the defendant cannot be said to have had any intention about it. He was not privy to the payment; and does not appear to have had the slightest knowledge of it. We have, therefore, the intention of the plaintiffs to look to solely. In *Chitty* v. *Naish*, 2 Dowl. P. C. 511, and *Brazier* v. *Bryant*, 3 ib. 477, it is said that, if there be no appropriation of payments made by the parties, they will be appropriated according to the presumed intention of the parties, to be collected from all the facts. Are there any facts in this case from which we can infer what must have been the intention of the plaintiffs, as to the application of the payment obtained by them? The four thousand dollar note was due to the plaintiffs absolutely. The

two thousand and eighty dollar note, indorsed by the defendant, and on which this action is brought, was held by them as collateral security merely. Now other considerations being equal, and it does not appear that they were not, it would seem to be presumable that the plaintiffs would apply the payment, in the first instance, to a debt absolutely due to them, rather than to one transferred to them as collateral security only. We are, therefore, led to the conclusion that the plaintiffs are entitled to recover. But the amount satisfied by the levy was more than sufficient to pay the amount due on the four thousand dollar note. According to the agreement of the parties therefore, the verdict may be so amended as to correspond with the balance remaining due to the plaintiffs.