Day, J.
The petition of plaintiff alleges that, on the 1st day of October, 1855, plaintiff leased to the defendant certain premises situated on Endicott street, in Boston, Massachusetts, for the term of 8 years and 6 months, at the yearly rent of $1800.
That, on the 1st day of October, 1855, the defendant entered into possession of the leased premises, and occupied the same until the 23d day of March, 1858; and that there is due plaintiff, of the rent agreed to be paid, the sum of $717.97.
The petition further avers “ that said defendant left the State of Massachusetts on or about the 23d day of March, 1858, and has remained away from said State from that time hitherto, so that the ordinary process for the bringing of an action could not be served on him, and that the plaintiff did not know of the place of residence of said defendant till about the 1st day of October, 1869. That at the time the said defendant so left the State aforesaid, he did not inform said plaintiff, nor was plaintiff aware that the defendant was about to leave said State, but that he absconded, as plaintiff is informed and believes, yet, notwithstanding the fact that defendant so left said State, yet by the laws of said State an action can now be maintained on said debt in the courts of Massachusetts.”
To the petition the defendant demurred as follows: “ The defendant demurs to plaintiff ’s petition, because, he says, that it appears therefrom that the cause of action therein stated is barred by the statute of limitations.” The alleged error consists in sustaining this demurrer.
To enable a party by demurrer to insist upon the bar of the statute of limitations, the pleading must show affirmatively that its cause of claim is so barred. Rev., § 2961.
*355 The petition alleges tliat by the laws of Massachusetts an action can now bo maintained on said debt, in the courts of that State. One of two things, therefore, must appear in order to bar the claim by the laws of this State.
1st. That the defendant, prior to the commencement of this action, resided in this State for the period of five years; or,
2d. That - the defendant, since leaving Massachusetts, and before coining to this State, resided in some other State until by the laws thereof the claim sued on was fully barred. Rev., §§ 2740, 2745 and 2746. Sloan v. Waugh, 18 Iowa, 224; Petchell v. Hopkins, 19 id. 531.
Neither of the facts above named is affirmatively shown by the petition. The judgment of the court is reversed, and the cause remanded, with leave to the defendant to answer if ho shall be so advised.
Reversed.