SHEARER v. MILLS <i>et al.</i>

1. Statute of limitations: DEMURRER. A petition is not demurrable on the ground that its cause of action is barred by the statute of limitations, unless it affirmatively appears therefrom that it was barred either by the laws of this or some other State.

2. Mortgage: MERGER OF LIEN. The rendition of a judgment does not merge or destroy the lien of a mortgage. The lien exists until the debt is paid or discharged. Following *Hendershott* v. *Ping*, 24 Iowa, 134.

3. Conveyance: DEFECTIVE ACKNOWLEDGMENT: CURATIVE ACT. By chapter 30, Laws of 1858, defective acknowledgments, certified previous to the taking effect of the act, were thereby cured.

Shearer v. Mills.

*Appeal from Floyd Circuit Court.*

MONDAY, DECEMBER 18.

THIS action was commenced September 1, 1871. On the 15th day of January, 1872, plaintiff filed his amended petition alleging in substance that on the 15th day of May, 1858, the defendant William Mills executed and delivered to Ann Eliza Mills his promissory note for the sum of $2,400.08, payable five days after date, and that to secure the same he executed his several mortgages, upon property situated in Davis, Warren, Keokuk and Floyd counties respectively.

That by assignment from John Little, administrator of the estate of Ann Eliza Mills, the note and mortgages have become the property of plaintiff. That by suit brought against said Mills in the district court of Davis county, on the 27th day of May, 1869, judgment was obtained upon said note for the sum of $4,731.72, and the said mortgages were foreclosed.

That the property mortgaged to secure said debt has all been sold upon execution, except that situated in Keokuk and Floyd counties, whereby plaintiff has received in all upon the judgment $500.31, and that the balance of said judgment is unpaid.

That Stewart & Brother claim some right in or lien upon said real estate situate in Floyd county, but that whatever right they have is junior and subject to the lien of petitioner.

Petitioner prays that an account be taken of the amount due on said judgment, and that he have judgment thereon against said Mills, for the purpose of execution and sale of the mortgaged premises, and that the right and interest of Mills and of Stewart & Brother be foreclosed.

To this petition is attached a copy of the record in the suit in Davis county, showing that the petition in that

cause alleged that the defendant Mills, at the time he executed the note, was a non-resident of the State of Iowa, and had ever since continued to be a non-resident, and that the defendant entered an appearance, and filed a written agreement that judgment should be entered against him as prayed, and that the debt was due and unpaid.

On the 7th of May, 1872, plaintiff filed an amendment to his amended petition, in substance alleging that at the time of the execution of the note referred to the defendant William Mills, Ann Eliza Mills, Stewart and Brother and plaintiff were all residents of Ohio. That Mills remained a resident of Ohio until 1865, when he removed to Kansas. That he has never been a resident of Iowa for one year, and has not been a resident of any State ten years since the execution of the note ; and that by the statutes of Ohio in force at the time of giving said note and ever since, an action may be brought on any contract in writing, within fifteen years from the time a right of action accrues thereon, and that the claim is not barred by the laws of the State of Ohio, nor of this State.

To this amended petition and the amendment thereto the defendants Stewart and Brother filled a demurrer, which was sustained as to the ground that the petition shows that its claim is barred by the statute of limitations. As to the other points the demurrer was overruled.

Plaintiffs appeal.

*Starr & Patterson* for the appellant.

*Pratt & Root* for the appellee.

DAY, J.— The demurrer was improperly sustained. The petition in the action in Davis county alleged that the defendant had always since the execution of the note been a non-resident of the State of Iowa. Hence the note was not barred by the statute of limitations of the

State of Iowa, and it did not appear upon the face of the petition that it was barred by the laws of any other State. See *Moulton* v. *Walsh*, 30 Iowa, 361.

The defendant appeared, and, instead of pleading the statute of limitations of any State, filed an agreement admitting that the debt was due and unpaid, and consenting that judgment should be entered against him thereon. The mortgage debt became merged in the judgment rendered in that action, and upon this judgment an action may be brought at any time within twenty years. Rev., § 2740. But the rendition of the judgment did not destroy the mortgage lien. This exists until the debt is paid or discharged. *Hendershott* v. *Ping*, 24 Iowa, 134.

Further, the petition in this action alleges that Mills has never, for one year, been a resident of the State of Iowa, and that by the laws of the State of Ohio, where the contract was executed, an action may now be brought. Hence, if this note had not been reduced to judgment, the petition would not have shown upon its face that the cause of action was barred by the statutes of this State or of any other, and it would not have been vulnerable to a demurrer. *Moulton* v. *Walsh*, 30 Iowa, 361; *Gillet* v. *Hill*, 32 id. 220; Rev., § 2961.

As neither the Davis county judgment, nor the note upon which that judgment was entered appears yet to be barred by the statute of limitations, and the debt still remains unsatisfied, it follows that the lien of the mortgage yet exists, at least so far as appears upon the face of the petition, and that this ground of the demurrer should have been overruled.

The third ground of demurrer is that the exhibit of the mortgage of the land in Floyd county shows that there never was any legal acknowledgment, and the record of said mortgage was no notice of the contents thereof to defendants.

This mortgage bears date May 15, 1858, and was filed

for record June 16, 1858. The acknowledgment fails to state that the grantor was personally known to the officer certifying the acknowledgment.

Defendant admits that chapter 30, Laws 1858, cures the defect if operative upon this acknowledgment, which was executed intermediate the passage and the taking effect of the act. Section 2 of said chapter in direct terms applies to acknowledgments certified *previous to the taking effect* of the act.

That it applies to this acknowledgment we entertain no doubt.

The remaining points of the demurrer have not been discussed, and are regarded as waived.

For the error of the court in sustaining the demurrer as to the first ground the judgment is

Reversed.