## TUTTLE ET AL. v. DEWEY.

1. **Mortgage:** JUDICIAL SALE: REDEMPTION BY JUNIOR LIEN HOLDER. The holder of a junior mortgage who is made defendant in a suit for the foreclosure of the senior mortgage, can redeem after sale by paying the amount bid with interest within the time allowed by statute, notwithstanding the amount bid by the senior mortgagee at the sale is less than the amount of the mortgage debt.

*Appeal from Polk District Court.*

TUESDAY, OCTOBER 17.

ACTION to redeem from a foreclosure sale. The plaintiffs are junior mortgagees and were made defendants in the foreclosure suit. The defendant in this suit was the holder of the senior mortgage, and purchased at the foreclosure sale. Within the time allowed by statute for redemption, these

plaintiffs tendered the amount of the defendant's bid with interest. It being less than the mortgage debt, the defendant declined to receive it on the ground that redemption could not be effected without a tender of the full amount of such debt. Decree for defendant. Plaintiffs appeal.

*Wright, Gatch & Wright,* for appellants.

*Bissell & Crane,* for appellee.

ADAMS, J.—This case presents the question whether the holder of a junior mortgage, who is made defendant in the

1. MORTGAGE: judicial sale: redemption by junior lien holder.

suit for the foreclosure of the senior mortgage, can redeem after sale by paying the amount bid with interest within the time allowed by statute, the property having been bid in by the holder of the senior mortgage for less than the mortgage debt. We are of the opinion that he can. In opposition to this view it is urged by the appellee that the holder of a mortgage upon real estate in Iowa has something more than a mere lien; that he has an estate; and he cites in support of his position *Hendershott v. Ping,* 24 Iowa, 134, and *Shearer v. Mills,* 35 Iowa, 499. It is indeed held in those cases that the lien of the mortgage did not become merged in the lien of the judgment upon foreclosure. In the first case the mortgage had been foreclosed more than ten years. The lien of the judgment had of course expired. A purchaser from the mortgagor claimed that the lien of the mortgage had also expired. But it was held otherwise. The lien of a mortgage is acquired by contract. The lien of a judgment is provided by statute. The former should be regarded as existing so long as the debt exists. The latter expires by lapse of time. It is evident, therefore, that they have different characteristics, and that the lien of a judgment is of an inferior character. But the superior is not merged in the inferior. That is contrary to the very meaning of merger. The principle upon which *Hendershott v. Ping* was decided is obvious; but how that case can aid the appellee is not obvious. He claims that a mortgage is something more than a lien. To determine whether it is or

not we must inquire what right it gives. The answer under our statute is, that it gives the right to subject the mortgaged property by sale to the payment of the debt to the exclusion of other rights subsequently acquired. But such right is simply a lien. *Newman v. De Lorimer*, 19 Iowa, 244.

It is further claimed by the appellee, that if the mortgage is but a lien, still, as it exists independent of the judgment lien it survives the sale on foreclosure, if any part of the judgment remains unsatisfied, and that redemption can be effected only by redeeming from it, as well as from the sale, if the mortgagee becomes the purchaser. This leads us to inquire, what is the effect of a foreclosure sale made to the mortgagee? Does he become the owner of the property, or remain a lien holder? He acquires a certificate the same as he would do if a stranger to the foreclosure. His rights are expressed in the certificate, and are not greater or less than if he were a stranger to the foreclosure. The certificate entitles the holder to the property within a limited time, unless it is redeemed, that is, bought back.

It is true that the legal title and right of possession remain in the mortgagor during the period allowed for redemption; but the judgment to the extent of the bid is absolutely satisfied, and if the property is destroyed the certificate holder must lose it. He, then, must be regarded as the owner, and neither the mortgage nor judgment can operate as a lien for any balance unsatisfied.

The rule contended for by the appellee would work great mischief, without any corresponding benefit. Where property is to be sold under a foreclosure, it is the right of the mortgagor to have it sold in such a way that it will bring as nearly its full value as possible. If the property cannot be redeemed without the payment of the whole mortgage debt, the mortgagee is interested to prevent competition at the sale and bid the lowest amount himself. He risks nothing by so doing. It may be impossible for the mortgagor to pay the whole debt. In such case, if there was no competition at the sale, the mortgagee would acquire the property and hold substantially the debt besides. Even if the mortgagor is not unable

to pay the whole mortgage debt, still if it is greater than the value of the property, and the property is encumbered by subsequent liens to a greater amount than the mortgagor is able to pay, the mortgaged property, in the absence of competition at the sale, would be sacrificed unless the mortgagor should redeem for the benefit of subsequent lienholders whose debts he is unable to pay. The subsequent lienholders in such case would never redeem for themselves, however small the amount for which the property should be bid in. The right of redemption would prove to the mortgagor an evil rather than a benefit. It has the effect of course to diminish competition at the sale. Whoever purchases real estate subject to redemption expects that it will be redeemed if it should prove to be worth redeeming, and left upon his hands if it should prove otherwise. The very right of redemption, therefore, under the rule contended for by appellee, would tend to result in sacrificing the property.

The case of *Johnson v. Harmon*, 19 Iowa, 56, is relied upon to some extent by the appellee as maintaining the rule which he contends for. But in that case there was no statutory redemption. Johnson had a right to redeem because he was not made a party to Harmon's foreclosure. But his right was a right to redeem from the mortgage. It was the same as if no foreclosure had been had. He had no right to redeem from the sale. Such right when it exists is a statutory right. There being no statute conferring it in his case it did not exist. In redeeming from the mortgage it was necessary of course to pay what was due on it.

In the present case the plaintiff asks to redeem from the sale. Within the time limited by statute he may do so by paying the amount prescribed by statute.

REVERSED.