BROWN v. ROCKHOLD.

1. Statute of Limitations: DEMURRER. To render a pleading demurrable, on the ground that the cause of action is barred by the statute of limitations, it must affirmatively appear on the face of the pleading that it was barred by the laws of this State or of the State where the party resides against whom the bar is pleaded.

2. ———: MORTGAGE. A mortgage is not barred by the statute of limitations so long as the debt is unpaid and capable of being enforced.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, OCTOBER 23.

ON the 9th day of June, 1853, one Hayes Black executed

Brown v. Rockhold.

and delivered to the defendant, E. Rockhold, his promissory note, by which he undertook to pay to the order of said Rockhold, in eighteen months thereafter, the sum of two hundred and five dollars. On the same day Black and his wife executed and delivered to Rockhold a mortgage upon certain real estate in Jasper county, to secure the payment of said note.

The plaintiff herein, having become the owner of said real estate, filed his petition in the court below on the 3d day of November, 1877, setting out said mortgage, and averring that the "said note and mortgage are, and of right ought to be, declared null and void, and of no effect, so far as any incumbrance on said land is concerned; that any action on the same, or to enforce any rights or equities thereunder, is long since barred under the law."

The prayer of the petition is that defendant be required to show cause why he should not bring an action to try his rights (if any he has), and that in default thereof plaintiff may have judgment.

The answer and cross-petition of defendant sets forth the mortgage and note, and avers that no part of said note has been paid, and that the debt still justly subsists, and is not barred by the statute of limitations because of the following facts: "The maker of said note, Hayes Black, before a right of action accrued thereon, sold the land and removed from the State of Iowa, and has not since resided therein; that, as defendant is informed, he removed from this State to Missouri, and from there to Illinois some years since; that when said note matured he was a non-resident of the State of Iowa, and has so continued to be, and that by reason of his non-residence the statute of limitations has not run on said note; that this defendant is now, and always has been, the owner of said note, and a non-resident of the State of Iowa."

It is further averred that the plaintiff became the owner of the mortgaged premises, by purchase, in the year 1874, and

had no interest in said land prior to that time; and that he was bound to take notice of the record of said mortgage.

Defendant asks that Hayes Black and wife be made parties to the action, and that he may have judgment for the amount due on the note, and the foreclosure of the mortgage.

The plaintiff demurred to the answer and cross-petition, upon the ground that it "shows on its face that the claim set up by the defendant is barred by the statute of limitations."

The demurrer was sustained, and a decree was entered for the plaintiff. Defendant appeals.

*Sankey & Cook,* for appellant.

*J. W. Deweese,* for appellee.

ROTHROCK, CH. J.—I. The first question arising upon the record is, did the cross-petition of defendant show that the

1. STATUTE of limitation: demurrer.

promissory note made by Hayes Black to the defendant was barred by the statute of limitations. To enable a party to insist by demurrer upon the statutory bar, the pleading must show "on the face thereof" that the cause of claim is within the statute. Code, § 2648.

The Code, § 2533, provides that "the time during which a defendant is a non-resident of the State shall not be included in computing any of the periods of limitation above described."

The cross-petition shows upon its face that before the note became due Hayes Black, the maker thereof, removed from this State, and has ever since resided elsewhere. This non-residence arrested the operation of the statute, and unless it appears from the pleading that by the statute of some State where he has since resided an action upon the note has been barred, a demurrer would not 'lie. It is averred that he removed from this State to the State of Missouri, and from there to Illinois. But how long he resided in either State does not appear, nor are the provisions of the statutes of limitations of either of those States shown, that the court may be

Brown v. Rockhold.

advised as to whether the cause of action was there barred. *Moulton v. Walsh,* 30 Iowa, 361; *Shearer v. Mills,* 35 Iowa, 499.

II. It is urged, however, that the action to foreclose the mortgage, being a proceeding *in rem,* separate and distinct from an action on the note, is barred in ten years. This cross-petition seeks to make Black, the maker of the note, a party to the foreclosure, and prays judgment for the amount due thereon. The pleading, therefore, asks more than a simple foreclosure as against the present owner of the land.

2. ——: mortgage.

The general rule is that the mortgage is but a mere incident to the note which it is given to secure, and that nothing short of payment of the debt or its extinguishment by operation of law will discharge the mortgage lien. In *Clinton County v. Cox,* 37 Iowa, 570, it was held that a mortgage is not barred by the statute of limitations so long as the debt is unpaid, and capable of being enforced. The question determined in that case is precisely the same as that presented in the case at bar. See also *Mahon v. Cooley,* 36 Iowa, 479. Following these cases we are of opinion that the demurrer should have been overruled.

Counsel for appellee relies upon the case of *Eubanks v. Limridge,* U. S. Circuit Court, District of Oregon. Chicago Legal News, August 18, 1877. That case seems to announce a different rule from that found in the cases above cited. It is enough to say that we are content to adhere to the rule established by this court.

REVERSED.