ALLAN SHELDEN v. PATIENCE A. BENNETT ET AL.

*Application of payments—Joinder of partners as complainants in foreclosure—Costs on double appeal.*

Where a mortgager gave a note for the whole amount of his debt including sums for which he had become indebted before the mortgage was given and which were not secured by it, and the mortgagee applied payments made to him upon the note generally, it was equivalent to an application upon the new and old indebtedness *pro rata.* and a different application could not be made where it did not satisfactorily appear to have been directed or to have been for the interest of the parties.

Partners need not be joined as complainants in the foreclosure of a mortgage given to only one of the firm as trustee for the partnership.

Costs may be withheld on affirmance of a decree from which both parties ·have appealed.

Appeal from Clinton. Submitted October 27. Decided November 10.

FORECLOSURE. Both parties appeal. Affirmed.

*Spaulding & Cranson* for complainants.

*H. & H. E. Walbridge* for defendants.

COOLEY, J. This is a foreclosure suit. To a proper understanding of the issues a brief statement of the dealings between the parties seems essential.

The complainant is a member of the firm of Allan Shelden & Co., wholesale dealers in merchandise in the city of Detroit. The defendant Patience A. Bennett was in business as a retail dealer at Ovid, and commenced making purchases of said firm in 1871, her husband W. C. Bennett apparently acting as her general business manager. On the seventh day of October, 1872, an indebtedness had accrued from the defendant to Allan Shelden & Co. amounting to between $2000 and $3000, and on that day Mrs. Bennett deeded to complainant a farm which she owned in Victor, and which was subject

to two mortgages of $2500 each and interest. Complainant claims that this deed was given and received as collateral security for what was then owing by defendant to the firm; but she insists that the transaction was a sale by her at the price of $12,000; complainant at the same time agreeing that if he sold the farm for more than that sum, the overplus should be paid to her.

The dealings continued until November 20, 1873, on which day defendant Bennett proposing to make further purchases the mortgage now in suit was given. The property mortgaged was the store and lot where defendant Bennett did business in Ovid, and the mortgage was conditioned for the payment at maturity. of all sums the mortgager owed the firm for goods that day purchased, and all sums for goods thereafter purchased, as the same should be established by note or book account. April 30, 1874, defendant Bennett came to an. accounting with the firm, when it was found that she was owing in all $7127.80, and for this a note was taken payable one day after date, with interest. After this time some payments were made, which were endorsed upon the note, and Shelden testifies that he also gave credit for whatever he received from the farm.

Included in the note was indebtedness that accrued before the mortgage was given. · The defense gave evidence tending to show that Shelden was directed to apply all payments made after the date of the mortgage upon the indebtedness secured thereby; but Shelden denied receiving any such direction, and we cannot say that there is any preponderance of evidence in favor of this branch of defendants' case. The complainant, on the other hand, claims a right to apply all payments on the amount owing to him before the mortgage was given. The grounds on which the circuit court gave decree are not stated in the record, but as near as we can understand them the amounts paid must have been considered as applied, by the endorsement on the note, upon the indebtedness accruing before and after the giving of the mortgage, *pro rata*.

The claim that the farm was bought by Allan Shelden &

Co. is not sustained by the evidence, and is disproved by the action of defendant Bennett herself. The farm was afterwards sold for interest accruing on the pre-existing mortgages, and was redeemed by her or by her husband; an act not likely to have taken place if the land had been sold. Neither would the note have been given in 1874 without taking the price of the land into account had a sale been made. The farm was again sold for the principal of the mortgages, and was bid in by complainant; but no question respecting this purchase arises in this case. It may be that defendant Bennett may still have an equity of redemption, but the present suit does not bring into controversy any such right. This suit concerns only the indebtedness secured by the mortgage set out in the bill.

When complainant took a note in which he united the indebtedness which was not covered by the mortgage with that which was, and afterwards applied the payment made to him upon the note generally, this was equivalent to an application upon the new and old indebtedness *pro rata*, and a different application cannot be made now. As the old indebtedness was secured when the mortgage was taken, and perhaps may be now, we cannot say with legal certainty that it was ever for the interest of the complainant that the payment should be applied differently.

It is objected that complainant should have joined his partners with him in this suit, but the mortgage was given to him as trustee for the partnership, and it was immaterial whether they were joined or not.

We find no fault with the decree. Both parties have appealed from it, and it will be affirmed without costs to either.

The other Justices concurred.