ARCH C. SMITH, Appellee, v. S. L. MOORE, Appellant.

**Mortgages:** EXTINGUISHMENT: *Delivery to one who assumed payment.* A holder of the legal title to lands notes to plaintiff secured by mortgage on said lands, and on the same day he quitclaimed to S., who was the beneficial owner of said realty. S. assumed payment of said mortgage notes. Said holder of the legal title had executed said notes without consideration and he delivered them and the mortgage to S. to enable the latter to buy said realty. Being unable to use them for that purpose S. returned them to plaintiff, the payee named therein. Plaintiff held them until some time later, at which time he made a loan to S. and it was agreed that plaintiff should hold said notes and mortgage as collateral to said loan. *Held*, although said notes and mortgage were once delivered by their maker to one who had assumed their payment, this, the intention being to the contrary, did not under these circumstances, operate to extinguish them and, no rights of third parties having intervened, said notes and mortgage became effective obligations to plaintiff at the time when it was agreed that they should be held as collateral security.

MORTGAGE SECURING SEPARATE CLAIMS: *Application of proceeds.* Where the amount realized from the foreclosure of a mortgage which secures separate claims is insufficient to pay all, the creditor is not bound to apply the same pro rata, but may apply it in payment of those claims for which he holds no other security.

GOOD FAITH BUYER OF MORTGAGE: *Priority of liens.* A mortgagee in a mortgage executed to secure a pre-existing debt is not a *bona fide* purchaser entitled to priority of lien over a prior unrecorded mortgage on the property.

**Foreclosure Judgment in rem:** MERGER OF MORTGAGE DEBT IN JUDGMENT. A judgment rendered on a note in suit *in rem* to fore-

close a mortgage securing the same, where the maker was a non-resident of the state, and did not appear, is not a merger of the note as a cause of action, and a subsequent action brought to recover the unpaid balance due thereon in the state of the maker's residence must be upon the note, and not upon the judgment.

**Attorney Fees:** FORECLOSURE OF MORTGAGE: *Foreclosure of collateral.* The fact that attorney's fees were recovered in a suit in another state to foreclose a mortgage is no bar to their recovery in a subsequent suit to foreclose a mortgage held as collateral security for the same indebtedness, which provides for such fees.

*Appeal from Buchanan District Court.*—HON. A. S. BLAIR, Judge.

MONDAY, OCTOBER 8, 1900.

SUIT in equity to foreclose a mortgage. S. L. Moore, a mortgagee of the property, was made a party defendant, and, although it is conceded that his mortgage was first recorded, it is claimed that he is not a *bona fide* purchaser and that he had notice and knowledge of plaintiff's mortgage. Defendant denies notice or knowledge on his part of plaintiff's mortgage, and pleads his mortgage by way of cross petition, asking that the lien thereof be established. Defendant also pleads that plaintiff's mortgage was and is without consideration, and was executed for the purpose of defeating the creditors of one Allen Smith, who was in fact the beneficial owner of the mortgaged property; that the plaintiff's mortgage is of no validity, because the maker thereof gave no authority for its delivery; and that plaintiff, by certain foreclosure proceedings in the courts of Cook county, Ill., canceled the note in suit which the mortgage was made to secure, in whole or in part, and is estopped thereby from maintaining this action. The case was tried to the court, resulting in a judgment and decree for plaintiff, and defendant appeals.—*Affirmed.*

*Jordan & Goodykoontz* and *E. E. Hasner* for appellant.

*Lake & Harmon* and *Ransier & Everett* for appellee.

DEEMER, J.—On December 4, 1890, J. W. Foreman, who held the legal title to the property in controversy, made a mortgage on the same to secure a note of $4,000, of even date therewith, to plaintiff. Allen Smith was the beneficial owner of the property, and on the same day Foreman executed a quitclaim deed to said Smith therefor, by the terms of which he (Smith) assumed and agreed to pay the note and mortgage. This note and mortgage were executed for the purpose of enabling Allen Smith to use them in paying for the property. The vendors refused to accept the same as payment. Allen Smith, to whom the plaintiff had forwarded the note and mortgage for use in paying for the property, thereupon returned the same to plaintiff, who had at that time paid nothing therefor, and the papers remained in his possession unrecorded, until April of the year 1892, at which time Allen Smith borrowed of plaintiff the sum of $5,000, executed his note therefor, and agreed that the $4,000 note and mortgage should be held as collateral security for the loan. The mortgage has never been recorded. Thereafter, and on October 5, 1892, plaintiff loaned Allen Smith another $5,000, taking his note therefor, and to secure the two loans Allen Smith executed to plaintiff a deed and an assignment of his interest in certain lots in the city of Chicago. This deed was dated October 17, 1892, and was for the expressed consideration of $1,000,000. On October 11, 1897, Allen Smith and his wife executed to plaintiff another note for the sum of $561.85, and at the same time executed a second mortgage on the property in controversy to secure the same. This mortgage was duly recorded. March 23, 1897, Allen Smith and wife executed a note for the sum of $5,000 to the First National

Bank of Boone, Iowa, and at the same time made a mortgage on the property in controversy to defendant, Moore, to secure the said note. This mortgage was recorded on March 26, 1897. On August 27, 1898, plaintiff obtained a decree of foreclosure of the deed and assignment of the Chicago property in an action brought by him against Allen Smith and his wife and defendant, Moore, in the Cook county, Ill., courts. Smith and wife and Moore were residents of this state, and were personally served with notices of the proceedings in the Illinois courts, in this state. They did not appear to that action, and judgment and decree were taken against them by default. The amount found due at that time was $16,620, and the property was ordered sold. The property was sold for $13,000, and of this amount $12.-721.95 was applied on the debt due the plaintiff. Plaintiff also paid $988.78 in redemption from tax sale of the property in controversy. This payment was made October 13, 1897, to protect his security, and he asks judgment for the amount so paid, with interest. Other facts that are deemed material will appear as we proceed.

On behalf of appellant it is contended that the original $4,000 note and mortgage are of no validity. It is admitted that plaintiff paid no consideration therefor at the time they were executed. The purpose of their execution was to enable Allen Smith, the beneficial owner, to raise the money with which to pay for the property. As soon as executed by Foreman, they were delivered to Allen Smith, who, as we have seen, had agreed to pay the same, and he (Smith) received them from plaintiff for that purpose. When it was discovered that they could not be used for that purpose, they were returned to plaintiff, who, as we have seen, had not down to that time paid anything therefor. He held them, however, for the period above stated, and, when making the $5,000 loan to Allen Smith, received them as collateral security for this loan. No rights or interests of third parties in or to the

property intervened between the making of these instruments and the deposit of the same as collateral security. Defendant's claim that the delivery of the note and mortgage to Allen Smith, who had agreed to pay the same, operated as a cancellation and satisfaction thereof, cannot be sustained. The papers were not delivered to Smith because they were satisfied. Plaintiff sent them to him for use for the purpose intended, and not because he had satisfied his obligation to extinguish them by payment. When the purpose for which they were executed failed, they were returned to plaintiff. who held them until he made the $5,000 loan, when it was agreed they should be retained as collateral security for that loan. Had the note and mortgage been paid, it is doubtless true that they could not be revived. Certainly they could not be revived as against a subsequent purchaser in good faith. But such is not the situation here. Neither the note nor mortgage were extinguished, and neither party so understood it. Indeed, they were dormant until plaintiff advanced his money on the strength thereof. Allen Smith was under no obligation to pay them until they became effective, and that was not until some one had paid a consideration therefor. When he received them from plaintiff, it was not because he, had performed an obligation he was under with reference thereto, but because they had been executed for the purpose of enabling Allen Smith to use them in payment for the land, or to obtain money thereby with which to pay for the land. There was no satisfaction of the note or mortgage. The doctrine of merger has no application, for it is apparent that it was the intention of all parties to keep the mortgage alive, and, as there were no intervening rights of third parties, they will be upheld. *Byington v. Fountain,* 61 Iowa, 512. The conduct of Allen Smith is such as to indicate that he intended at all times to negotiate the instruments, and not to satisfy them. See, as sustaining our conclusions, 1 Jones, Mortgages, sections 86, 611. As plaintiff's

$4,000 mortgage was not recorded, and defendant's (Moore's) was, plaintiff cannot recover without showing that Moore had notice or knowledge of the mortgage, or that he is not a subsequent purchaser. The evidence is in square conflict on this proposition. We are constrained to hold that Moore had actual notice of the plaintiff's mortgage at the time he received the one on which he relies. Nothing is to be gained by setting out the evidence that leads us to this conclusion, and we content ourselves by simply stating our conclusion. Moreover, defendant, Moore, while on the witness stand, stated that his mortgage was taken to secure an indebtedness existing from the maker of the note to the First National Bank; that the note for $5,000 which the mortgage was made to secure represented a part of that indebtedness. The fair inference from this evidence is that the mortgage was made to secure a pre-existing indebtedness to the bank. If that be true, and there was no other consideration, then defendant was not a purchaser for value, and cannot claim priority over plaintiff's mortgage. *Phelps v. Fockler,* 61 Iowa, 340.

II. Again, it is insisted that plaintiff's notes were merged in the judgment recovered in Cook county, and that the action of plaintiff, if he has any, is on that judgment. Had the judgment been *in personam,* it is likely true that defendant's contention should be sustained, although we are not to be understood as indicating that that would defeat plaintiff's right to foreclose his mortgage. But the judgment was *in rem.* Moore and his co-defendants in that suit were residents of this state, were served with notice in this jurisdiction, and did not appear in the Illinois court. That court had no jurisdiction to render a personal judgment. If the record disclosed a personal judgment, it could not be enforced in this state, for the foreign court had no jurisdiction to render it. Action must be on the note, the original evidence of indebtedness; and the amount received

on the judgment *in rem* is material only to the determination
of the question of the amount due. The judgment was not
a merger or a bar. It simply amounted to the payment of so
much of the claim. The cases relied on by the appellant all
relate to personal judgments. See *Lawrence v. Beecher,* 116
Ind. Sup. 312 (19 N. E. Rep. 143) ; *Bank v. Wheeler,* 28
Conn. 433. As sustaining our conclusions in this branch of
the case, see Freeman Judgment, sections 218, 221; *Bank v.
Peabody,* 55 Vt. 492, which is directly in point. As already
indicated, there is no occasion to determine the question of
the validity of this defense, even if it appeared the judgment
was *in personam.* It may be that under our statute (Code,
sections 3428, 4288) the foreclosure suit might proceed in-
dependent of the action on the note. Indeed, we have already
held that a general judgment on a note does not merge the
mortgage secured thereby. *Matthews v. Davis,* 61 Iowa,
225; *Morrison v. Morrison,* 38 Iowa, 73. See, also, *Shearer
v. Mills,* 35 Iowa, 499.

III. Further, it is claimed by appellant that the
amount received from the sale of the Chicago property should
be applied in satisfaction of the first note, which is the one
sued on herein, or pro rata on all the notes the deed
or assignment was made to secure. This contention
involves the doctrine of application of payments. The
judgment in the Illinois court on its face was for the total
amount of the two $5,000 notes, with interest, and included
the taxes paid by plaintiff. The decree provided for the sale
of the property to pay this indebtedness, no other direction
being made as to the application thereof. Plaintiff receipted
for the net proceeds of the sale, "on account of the debt and
interest due to said complainant under said decree." In
bringing this suit on the first $5,000 note, plaintiff allowed
credit thereon of the balance remaining of the sum received
from the sale of the Chicago property, after satisfying the
second $5,000 note and the taxes paid on the Chicago prop-

erty that were included in the judgment, leaving the amount due thereon at the time of trial $4,892.25. The authorities seem to be in conflict on the rule for the application of involuntary payments. The doctrine that seems to be sustained by the weight of authority is that if payment is coerced by process of law, and the fund derived is not sufficient to pay all of two or more claims in suit, application will generally be to all ratably. See *Browning v. Carson,* 163 Mass. 255 (39 N. E. Rep. 1037); *Bank v. Brown,* 12 N. H. 320; *Bank v. Moore,* 112 N. Y. 543 (20 N. E. Rep. 357, 3 L. R. A. 302); *Jones v. Benedict,* 83 N. Y. 79; *Sheldon v. Bennett,* 44 Mich. 634 (7 N. W. Rep. 223). We have not adopted this rule, however. Thus, in *Small v. Older,* 57 Iowa, 326, involuntary payments insufficient to pay all claims were so applied by the courts so as to pay the unsecured rather than the secured ones, and the doctrine of pro rata payments was repudiated. Again, in *Hanson v. Manley,* 72 Iowa, 48, involuntary payments were so applied by the court as to satisfy the unsecured, rather than the secured debts. See, also, *Bank v. Whinery,* 110 Iowa, 390. This rule is not without support in other jurisdictions. See *Nichols v. Knowles,* C. C., 17 Fed. Rep. 494; *Wilson v. Allen,* 11 Or. 154, 2 Pac. Rep. 91; *Bank v. Ginly,* 108 Cal. 148 (41 Pac. Rep. 38); *Mathews v. Switzler,* 46 Mo. 301; *President, etc., v. Brown,* 22 Me. 295. As we are not alone in our holdings, and as the result of the rule appears to be equitable, we do not feel like changing it at this time, although it may not be in accord with the numerical weight of authority.

IV. Complaint is made of the taxation of attorney's fees. The exact point is that, as attorney's fees were allowed in the suit in Illinois, they should not be taxed here. As the action was properly brought on the note, which provided for attorney's fees, there was no error. Moreover, the mortgage that was foreclosed expressly pro-

vided for attorney's fees, as did the $4,000 note, neither of which were involved in the Illinois suit. Attorney's fees were propertly taxed.

The parties have filed a stipulation relating to defendant's right of redemption. Pursuant to this stipulation, it is ordered that defendant have three months from the filing of this opinion within which to make redemption from the sale, if he is so advised. The decree of the district court allowing the plaintiff the amount due on his $5,000 note, and for the taxes paid, with interest, directing a sale of the mortgaged premises for the amount found due, and decreeing that the lien of plaintiff's mortgage is superior to that held by defendant under his mortgage, is in all respects AFFIRMED.

GRANGER, C. J., not sitting.