WILLIAM SCHIMMELPFENNING, Appellee, v. BARNEY B. BRUNK, Appellant.

**Conveyances:** INCUMBRANCE: NOTICE: REFORMATION: EVIDENCE. The record of a contract creating a lien upon property is sufficient to charge a purchaser with notice of the obligee's rights, and to render it effective as to him against the purchaser, but is of slight significance on the question of whether there was a failure to except it from the covenants of the grantor's deed through mutual mistake; although actual notice to the grantee of the existence of the incumbrance would be important, as sustaining the grantor's contention that the purchaser was to assume the same and that through mutual mistake the deed failed to so state.

**Same:** BREACH OF INCUMBRANCE: MEASURE OF DAMAGES. Where the incumbrances consisted of a contract to furnish power for a specified time upon monthly payments at less than the cost of producing the power, upon performance by the grantee he should recover of the grantor either the monthly loss as it accrued, or he should be charged with a lump sum equal to the total present worth of each monthly installment.

**Same:** AMOUNT OF RECOVERY. Recovery for breach of covenant in a deed can not exceed the amount of consideration paid therefor, with interest.

**Same.** For the purpose of determining the amount of recovery for breach of covenant in a deed the true consideration therefor may be inquired into by parol.

*Appeal from Davis District Court.*—HON. D. M. ANDERSON, Judge.

MONDAY, NOVEMBER 20, 1911.

ACTION for breach of covenant of a deed against incumbrances. Defendant filed a cross-bill asking reformation of the deed so as to except the alleged incumbrances from the covenant. Reformation of the deed was denied, and a decree entered for the plaintiff. Defendant appeals. —*Modified* and *affirmed.*

*John F. Scarborough* and *E. Rominger,* for appellant.

*Payne & Goodson,* for appellee.

EVANS, J.—Separate actions were brought by the parties against each other, and these were consolidated. Their controversy is now presented to us in a suit in equity, wherein the plaintiff claims damages for breach of covenant in a deed of conveyance, and wherein the defendant by cross-bill asks a reformation of the deed and other relief. The trial court denied the reformation, and awarded damages to the plaintiff as for breach of covenant against incumbrances. We will give our first consideration to the defendant's cross-bill.

I. Prior to January 11, 1909, the defendant was the owner of certain real property located in the town of Pulaski, Iowa, referred to in the record as the "Mill Property." This property included a sawmill, a gristmill, and a blacksmith shop. The plaintiff was the owner of one hundred and eight acres of rough land in Davis county. On the date mentioned the parties exchanged properties, and each executed to the other a deed of conveyance. Each property was conveyed by a warranty deed subject to certain specified incumbrances. The plaintiff accepted from the defendant a conveyance of the mill property subject to a mortgage of $200. The land conveyed by the plaintiff to the defendant was incumbered by mortgage and taxes to the amount of $1,482. Of such incumbrance the defendant assumed $1,310 and accepted from the plaintiff a con-

veyance subject to the mortgage to that extent. Up to this point there is no controversy as to facts. It further appears that there was another incumbrance upon the mill property of which no mention was made in the deed. Such incumbrance consisted of a certain contract entered into by one Stevig, a former owner of the mill property, and a grantor of the defendant, Brunk. This contract was entered into by Stevig with the "Pulaski Light & Power Co.," and by its terms bound Stevig, for a stated price per month, to furnish power to the Light & Power Company for the operation of its electric plant for a period of ten years. The contract also provided that the Light & Power Company should have a lien upon the property in question for the performance of the contract by Stevig. In pursuance of the contract, certain electric appliances, including dynamos, were installed in the mill, and were in operation at the time of the trade. After taking possession of the mill property, the plaintiff continued to furnish the power to the company, as his grantor had done, but discovered that such power could not be furnished at the contract price, without substantial monthly loss. This is the nature of the incumbrance of which he complains.

It is the contention of the defendant by his cross-bill that at the time of the negotiations leading up to the trade the plaintiff knew of the contract and the terms thereof, and that it was mutually understood that he was to assume its obligations, and that such contract was to have been excepted from the defendant's covenant against incumbrances, but that it was omitted through mutual inadvertence and mistake. The defendant asks, further, that the deed be reformed so as to except such contract from the covenant. The plaintiff denies that there was any mistake or oversight in the deed, and denies that he ever knew that there was any other incumbrance upon the property except as stated in the deed. As a witness, the plaintiff admits that he knew or supposed that his grantor had a contract

with the Light & Power Company to furnish power, but he denies that he knew that such contract was in any sense an incumbrance upon the property, or that it bound him to an unprofitable performance. This is the real point of controversy of fact between the parties. If the plaintiff had seen the contract, or if he knew that it did constitute an incumbrance upon the property, it would be a strong, if not a controlling, circumstance in connecting with the other evidence in the case, in support of the defendant's contention. The court found against the defendant on this issue. We have read the evidence carefully, and we reach the same conclusion. There is no claim that the contract was exhibited to the plaintiff. He did know or believe that the Light & Power Company would be his patron to the extent already indicated. This fact was put before him as an asset, and not as a liability. He did not know that the contract consituted an incumbrance. He did not in terms bind himself to the performance of the existing contract. So far as appears in this record, he is not personally liable for the performance of the contract.

It is argued that the contract in question was on record, and that the plaintiff was charged with constructive notice, and that, in any event, with ordinary diligence, he could have ascertained its contents. Granted that the plaintiff was charged with constructive notice of the contract, such fact is of no avail to the defendant. Such constructive notice operated against the plaintiff, in favor only of the beneficiary of such a contract. It is because he was charged with constructive notice that the incumbrance is effective against him. And it is because the incumbrance is effective against him that he is entitled to recovery upon the covenant.

1. CONVEYANCES: incumbrance: notice: reformation: evidence.

If the plaintiff had had actual notice of the incumbrance, such fact would be important as a circumstance in the defendant's favor, tending to sustain his contention that

the plaintiff was to assume the incumbrance. Constructive notice, as a circumstance, could have little, if any, significance in the direction indicated. We think the trial court properly denied reformation of the deed.

II. The next question presented for our consideration is: What is the true measure of the plaintiff's damages? The contract will not expire until June 29, 1917. Considerable evidence was introduced by both parties as to the monthly cost of performing the contract. The trial court found that the performance of the contract will entail a monthly loss of $19.50. This finding is complained of by the appellant. Under the evidence, we think it is conservative, and entirely fair to the appellant. The trial court properly found, also, that the contract would have one hundred and two months to run from January 11, 1909, the date of the conveyance, and that the total damages which would accrue to the plaintiff in the course of eight and one-half years would amount to $1,989. But the court awarded to the plaintiff the full sum of $1,989, with interest thereon at six percent from January 11, 1909. Inasmuch as the plaintiff's loss as so estimated would only accrue in monthly installments of $19.50 for a period of eight and one-half years, it is manifest that the judgment in this form rendered to the plaintiff greater compensation than his loss. It was suggested by the trial court that the interest on the sum total would not more than cover the wear and tear of machinery, but the suggestion was quite beyond the evidence. The defendant should have been permitted either to pay the monthly installments of loss as they accrued, or else he should be charged with a lump sum equal to the sum total of the present worth of each monthly installment. Such present worth should be computed at six percent, and should be determined as of January 11, 1909. The sum total thus found should bear interest from January 11, 1909. This course would render

2. SAME: breach of incumbrance: measure of damages.

the rule of measure of damages consistent and just. We can not take the time to make a computation of the present worth, but will leave that labor to be performed by the parties themselves before final decree. To this extent, at least, the decree should be modified. The sum total should be further subject to the limitations stated in the next paragraph hereof.

III. It is urged by the appellant that the amount allowed by the trial court exceeded the full consideration paid by the plaintiff for the property, and that such
3. SAME: amount amount was therefore excessive on that
of recovery. ground alone. It is the rule in this state that the recovery for breach of covenant in a deed can not exceed the amount of consideration paid, with interest. Such was the holding of this court in an early day. *Swafford v. Whipple,* 3 G. Greene, 263; *Richards v. Iowa Homestead,* 44 Iowa, 306; *Norman v. Winch,* 65 Iowa, 263. We think that the rule of measure of damages which we have above considered in the preceding paragraph must be made subject to the limitations of the rule here stated, viz., that the sum total can not exceed the consideration paid with interest thereon.

IV. In view of what is stated in the foregoing, it becomes necessary to determine what was the consideration paid for the property. The consideration expressed in
4. SAME. each deed was $5,400. It is conceded, however, that this sum was not the true consideration, and that neither property was worth such price. In such cases it is permissible to ascertain the true consideration by resort to parol evidence. *Swafford v. Whipple, supra.* Five witnesses were examined on each side as to the value of the land conveyed by plaintiff to defendant. Without any doubt, the land was of very poor quality and of comparatively little value. Four witnesses on behalf of the plaintiff fixed its value at $30 per acre. The witnesses for the defendant fixed it at from $20 to $22 per acre.

In the light of the evidence descriptive of the character and quality of the land, we are satisfied that its value was not in excess of $25 or $26 per acre. Adopting the maximum figure of $26 per acre, the full value of such land would be $2,808. From this amount should be deducted the incumbrance thereon. As near as we can ascertain from this record, such incumbrance amounted to $1,472. This would leave a margin of $1,336 as the true consideration paid by the plaintiff to the defendant for the mill property. The measure of the plaintiff's damages must, therefore, be computed as indicated in paragraph 2 hereof, but not exceeding the amount of consideration paid.

To this extent the decree entered below must be modified. In all other respects it is affirmed. The case may be remanded for a final decree upon the basis here indicated, or either party may present a computation and move for a decree in this court.—*Modified* and *affirmed.*