## SAUNDERS v KING

Ohio Appeals, 2nd Dist, Montgomery Co

No 1659.   Decided April 9, 1941

I. L. Jacobson, Dayton, for plaintiff-appellee.

Holland & Holland, Dayton, for defendant-appellant.

## OPINION

### By HORNBECK, J.

This is an appeal on questions of law from a judgment entered by the Common Pleas Court on the pleadings.

The assignments of error are,

First—In overruling the demurrer of the defendant to the petition, and

Second—In entering judgment on the pleadings.

The action of plaintiff was to recover a balance of $1752.37, with interest, on a note which was originally given for the sum of $3500.00, signed by defendant-appellant and by Radie C. King, defendant, and payable to plaintiff. The petition avers that the note was secured by mortgage given on certain described property in the county of Hillsborough, Florida; that after the aforesaid note was due the plaintiff filed his action in chancery against defendants in Circuit Court of the State of Florida in and for Hillsborough County to foreclose the mortgage; that it was foreclosed, the real estate sold on said judgment and the proceeds of the sale applied to the amount due on the note.

The prayer of the petition was for personal judgment against the defendants in the sum of $1752.37 with interest and costs. Personal service was made upon defendant-appellant. in Montgomery County and thereafter he filed a demurrer to the petition upon two grounds, first—a misjoinder of actions and secondly, that the petition does not state facts sufficient to constitute a cause of action under the laws of the state of Ohio. The basis for the demurrer was that the action was upon a promissory note and that the petition shows that the amount sought to be recovered is a deficiency judgment. The demurrer was overruled and thereafter defendant-appellant

answered. The substance of the answer is that it appears from the petition that the action in Florida was upon the promissory note set out in the petition in the instant case and that the judgment in Florida was upon the note and that thereby the note became merged in the judgment and cannot be made the basis of the instant action.

The answer further avers that defendant-appellant was not a resident of the state of Florida when the suit was instituted and that no personal service was had upon him in Florida. There is a further defense of a fraud in the procurement of the $3500.00 note.

To this answer the plaintiff moved for judgment on the pleadings which the court sustained.

There is one question of substance raised by this appeal, namely, whether or not the plaintiff has a subsisting cause of action against defendant-appellant under the facts which must be admitted to be true by reason of the averments of the pleadings of the parties. This question is raised both by the demurrer and the answer.

The plaintiff pleads a judgment in foreclosure only in the Florida court. There is no averment that there was or was not personal service had upon the defendant-appellant. The answer of defendant-appellant is that he was not a resident of Florida at the time the foreclosure action was brought and that he was not personally served. This is undenied and may be assumed to be the fact.

As against the general demurrer it must be assumed that the judgment of foreclosure and all proceedings leading up thereto were valid and regular. The foreclosure judgment could properly have been entered without personal service upon defendant-appellant inasmuch as it operated in rem upon the land situated in the place where the action was instituted.

Upon the answer it develops and is not denied that there was no personal service upon defendant-appellant. So that there could not have been under the law any personal judgment against

him in Florida and therefore the action sued upon here could not be as upon a deficiency judgment. Nor could the plaintiff maintain the action as upon a deficiency judgment because that is not the basis nor the theory upon which the cause of action is predicated.

We are of opinion that the plaintiff has the right to maintain the action for the balance due on the $3500.00 note under the circumstances here appearing. He could avail himself of the right to the foreclosure of his mortgage at the place where the land was situated which he did. He could not maintain an action for personal judgment against defendant-appellant there though he also had this right under the note. There was only a balance due on the note because of the credit placed thereon by virtue of the sale under foreclosure.

The action is supported by Freeman on Judgments, 3rd Volume, 2879,

"Where mortgage securing a note is foreclosed by proceedings quasi in rem in the state where the property is situated with constructive service on the nonresident debtor, the note is not merged in the judgment and a subsequent action in personam against the maker should be upon the note rather than the judgment."

Citing Smith v Moore, (Ia.) 83 N. W. 813. In the same volume of Freeman on Judgments, 3139 it is said,

"A judgment in rem, or quasi in rem, because obtained without jurisdiction of the person of the defendant, * * * operates as an estoppel or bar only as to the res or matter within the court's jurisdiction and does not prevent a subsequent action for personal relief which could not be obtained in the first action."

Freeman on Judgments, Volume 2, 1239,

"A mortgage or other lien being merely a collateral security, the judgment or decree foreclosing it does not necessarily merge or discharge the debt secured. But if the suit is one to enforce both the debt and the mortgage, the judgment for plaintiff will merge both; and if a foreclosure decree is actually satisfied by a sale or application of the property in payment thereof, either in whole or in part, it is to that extent a satisfaction of the primary obligation, though it will not bar an action for the balance due. If no valid personal judgment was entered against the defendants because no personal jurisdiction was obtained over them, a personal action against them, at least for any deficiency, is not barred."

We have examined the cases cited by appellant and do not find that they are authority against the action of the plaintiff here. 23 O. Jur. ¶714 is cited by appellant. One of the most significant statements in the paragraph is that "Until a judgment has been rendered, there is no merger of the cause of action", citing **Brigel v Creed, 65 Oh St 40**. In this case there has been no judgment upon the note rendered except the judgment in the instant case.

The averments of the answer, intended to set up fraud, fail to set out any factual allegations from which fraud may be legally inferred. The court committed no error in overruling the demurrer to the petition and in entering judgment for the plaintiff on the pleadings. Judgment affirmed.

**GEIGER, PJ.** and **BARNES, J.,** concur.