## David Oxley *et al.*

*v.*

## Samuel Storer.

1. Release of surety—*taking further security.* The mere taking of further security from the principal in a bond, by the obligee, will not operate to release a surety on the bond.

2. Instructions should be based on the evidence in the case.

3. Variance *between allegations and proofs—who to decide.* In the introduction of written evidence, it is the duty of the court to determine whether it varies from the pleadings under which it is offered. And it is error for the court to leave such question to the jury.

Appeal from the Circuit Court of Marion county; the Hon. Silas L. Bryan, Judge, presiding.

The opinion states the case.

Mr. W. Stoker, for the appellants.

Mr. B. B. Smith and Mr. M. Schæffer, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This was an action of debt, brought by appellants in the Marion circuit court, against appellee, on a bond with a condition. The bond was executed by Cory & Storer, in the penal sum of $5000, conditioned that the obligors would discharge a deed of trust for over $7000, given by Cory to one William W. Howell, to the use of the Illinois Railroad Company, on a large quantity of lands, of which Cory and wife had previously sold to appellants two hundred and fifty acres, for the sum of $5000— or, if they failed to discharge the same, they should pay the $5000, the purchase money aforesaid, with interest, then the bond to be void.

It is averred that the lands conveyed to William M. Howell, in trust for the Illinois Railroad, was designed to be and was in trust for the Illinois Central Railroad Company, and the trustees of the Illinois Central Railroad Company.

It is averred, as a breach of the condition of the bond, that Cory & Storer failed to discharge the debt of over $7000 to the railroad company, and that the two hundred and fifty acres of land conveyed by Cory and wife to appellants, had been sold and conveyed under the trust deed, to pay the debt to the railroad company, and that the obligors had failed to pay them $5000 named in the condition of the bond.

It was, among other things, urged as a defense, that appellants had taken a deed of trust from Cory on two hundred acres of land, to secure appellants on the obligation sued upon in this case; that the deed of trust was made without the knowledge or consent of Storer, who was but a surety on the bond, and that the trustee sold the land, and Oxley became the purchaser at fifty dollars. But he swears that the deed of trust was taken without the consent of himself or Taylor; that the first he knew of it was on seeing the advertisement of the trustee, for the sale; that he purchased as he would have done at any other sale.

On a trial by the court and a jury, a verdict was rendered in favor of appellee. A motion for a new trial was entered and overruled by the court, and judgment rendered on the verdict, to reverse which this appeal is prosecuted.

It is urged that the court erred in giving defendant's second instruction. We have turned to the record, and after examining it fail to perceive any objection to it, as the question is fairly presented by it to the consideration of the jury, whether appellants received the trust deed to McCullough, in satisfaction of the liability of appellee and Cory on the bond. If this trust deed was received by them in discharge of their liability on the bond, then appellee was released; but if it was but as additional, and only as a further security, it could not operate to produce that effect. If that was the intention, it in no wise

enlarged the liability of the surety, but rather abridged it, as it undeniably tended to reduce the sum for which he was surety.

But the third of his instructions was improperly given. Instructions should always be based on the evidence in the case. This instruction, however, assumes that there was evidence before the jury, which we fail to find in the record. This instruction says to the jury that if they believe, from the evidence, that although appellants may not have known of the execution of the deed of trust, yet, if they afterwards accepted it, and requested the trustee to sell by virtue thereof, and thus took the same in discharge of Storer, they should find for defendant. There is no evidence that appellants directed the trustee to sell the land in pursuance to the deed. But the material error in the instruction is, that it assumes that the acceptance of the deed, acting under it, and requesting the trustee to sell, was a discharge of defendant from liability on the bond. The instruction, in terms, so informs the jury; and we have seen that if the trust deed was taken as a further security, it could not discharge the surety, although the jury may have believed that it was but an additional security, still, they were required to find for the defendant, by the terms of this instruction. Appellee could only be released from liability by the execution of the trust deed, by its having been taken with the intention to discharge him. For this error the judgment must be reversed.

The fifth instruction leaves the question of variance between the bond and the declaration to the jury. In the introduction of written evidence, it is the plain duty of the court to determine whether it varies from the pleadings under which it is offered; and it is error for the court to leave the question to the jury, and to transfer the responsibility to the jury, to whom it does not belong. It was error to give this instruction. The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*