Michael Byrne

*v.*

The Ætna Insurance Company.

1. Pleading — *variance.* Although an instrument sued on may be misdescribed in some of the counts in the declaration, in respect to the date of the instrument, yet if it is correctly described in any one count, it is admissible in evidence under that count.

2. SAME — *variance as to description of a party to the instrument.* Where a count described the instrument sued on as having been executed to "the Ætna Insurance Company," and the instrument was in fact given to "the Ætna Insurance Company, of Hartford:" *Held,* there was no variance in respect to the name of the insurance company, the words "of Hartford" being regarded as simply designating the principal place of business of the corporation.

3. DEMAND — *whether necessary.* In an action against the surety in a bond, conditioned that the principal, who was about being employed as the agent of an insurance company, should faithfully perform all and singular the duties of said agency, it was *held,* a demand was not necessary, in order to create a liability on the part of the surety. The bond did not, in terms, provide for a demand, and, as a general rule, the bringing of the suit is a sufficient demand.

4. SURETY — *extent of his liability.* A bond was given to the Ætna Insurance Company, conditioned, "that whereas the above named E. B. Mason having been appointed agent of the Ætna Insurance Company, in the city of La Salle, county of La Salle, and State of Illinois, who will receive as such agent sums of money for premiums, payment of losses, salvages, collections or otherwise, for goods, chattels, and other property, for said Ætna Insurance Company, and being bound to keep true and correct account of the same, and make regular reports of the business transacted by him to the said Ætna Insurance Company, and in every way faithfully perform the duties as agent, in compliance with the instructions of the company through its proper officers; and at the end of the agency, by any cause whatever, deliver up to the authorized agent of the said company, all its moneys, books and property due or in possession : now if said agent shall faithfully perform all and singular the duties of said agency, then this obligation shall be null and void, otherwise to remain in full force and virtue :" *Held,* the liability of the surety on such bond was limited to the premiums received by the agent, less his usual commission ; his liability could not be enlarged, so as to embrace a premium, which he had not received, but for which he had improperly given credit to a party getting insurance.

APPEAL from the Circuit Court of La Salle county ; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an action of debt, brought in the court below by the Ætna Insurance Company against Michael Byrne, as surety upon the following bond :

"Know all men by these presents, that we, E. B. Mason, as principal, and M. Byrne and W. T. Mason, as sureties, all of La Salle county, and State of Illinois, are individually and separately held and firmly bound unto the Ætna Insurance Company, of Hartford, each in the sum of $1,000, lawful money of the United States, to be paid unto the said Ætna Insurance Company or their attorney, agent or legal representatives; which payment, well and truly to be made, we each respectively and individually bind ourselves, our heirs, executors and administrators, firmly by these presents. Sealed with our seals, and dated this     day of January, one thousand eight hundred and sixty-four.

"The condition of this obligation is such, that whereas, the above named E. B. Mason, having been appointed agent of the Ætna Insurance Company, in the city of La Salle, county of La Salle, and State of Illinois, who will receive, as such agent, sums of money for premiums, payment of losses, salvages, collections or otherwise, for goods, chattels and other property, for the said Ætna Insurance Company, and being bound to keep true and correct account of the same, and make regular reports of the business transacted by him to the said Ætna Insurance Company, and in every way faithfully perform the duties as agent, in compliance with the instructions of the company through its proper officers; and at the end of the agency, by any cause whatever, deliver up to the authorized agent of the said company all its moneys, books and property due or in possession: Now, if said agent shall faithfully perform all and singular the duties of said. agency, then this obligation shall be null and void; otherwise, to remain in full force and virtue.

E. B. MASON, [L. S.]
M. BYRNE,   [L. S.]
W. T. MASON, [L. S.] "

One count in the declaration sets out the bond *in hæc verba*.

In another it is averred that Mason continued as agent from January 30, 1864, until May 20, 1868; that he received money for plaintiff, and that he did not deliver up and pay over the moneys due from him on balance of accounts when requested, and that the same remains unpaid. Third count of declaration avers that January 30, 1864, Mason was employed by plaintiff as agent; that it demanded security of him, and that defendant executed a bond of that date, with conditions substantially the same as above. The breach alleged is, that Mason did not pay over to plaintiff the amount due from him on balance of account.

On the trial, *James S. Gadsden,* the State agent of the company, testified: that the returns from Mason showed a balance due the company, not allowing commissions, of $809.76. The usual commission allowed to agents was fifteen per cent on premiums received.

Defendant called *John Garity* as a witness, who testified in substance: I had a policy in plaintiff's company; I had been carrying insurance on $3,200, the premium being $112. Mason was in the habit of renewing my policies when they expired without saying any thing to me about it. My policy in plaintiff's company expired 19th of March, 1868, when Mason brought me my bill for renewal of my policy. I told him I did not wish to carry so much insurance; gave him $50, and told him that was all I wanted to carry. If I had paid him for a full policy it would have cost me $62 more. Mason said, never mind, let it stand as it was at present; and he would arrange it; but he never did so. Mr. Holbrook, the general agent of the plaintiff, came to me and told me not to pay any more money to Mason. I told him I did not intend to; and I did not. This was about the time the agency was taken away from Mason.

The jury assessed the damages of the plaintiff at $803.30, and judgment was rendered accordingly. The defendant appealed, and assigns as one of the grounds of error that the verdict was for too large a sum.

The grounds of other assignments of error are set forth in the opinion of the court.

Messrs. BULL and FOLLETT, for the appellant.

Mr. WASHINGTON BUSHNELL and Mr. J. C. CHAMPLIN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of debt, brought by the appellee against the appellant, as one of the several makers of a bond to the appellee to secure the faithful performance of the duties of one E. B. Mason, agent of the appellee at the city of La Salle.

The declaration contains several counts, in one of which the obligation is set out *in hæc verba.* The appellant filed the several pleas of *nil debet, non est factum,* and *nul tiel corporation,* on which issues were joined, and also seven other pleas, to all of which a demurrer was sustained.

A trial was had in the circuit court, which resulted in a verdict for the appellee for the debt named in the obligation, and the sum of $803.30 damages. The appellant brings the cause to this court, and suggests, on the assignment of errors, four grounds on which he seeks a reversal of the judgment: 1st. That there is a variance between the bond declared on and the one adduced in evidence. 2d. That the verdict is for too much. 3d. That no demand was made for the balance due, before the suit was instituted. 4th. That the instructions given at the instance of the appellee were erroneous.

It is objected, that it is averred in the declaration that the bond on which the action was brought was dated "the 30th day of January, 1864," and that the one adduced in evidence bears date "the       day of January, 1864," and, therefore, that there was a variance between the declaration and the proof offered. This objection might have been available to some of the counts in the declaration, but it certainly was not

tenable when the bond was offered under the second count. In that count, the bond upon which the action was brought was set out literally, and when the copy offered in evidence is inspected it is found to correspond exactly.

The second objection to the admission of the bond as evidence is equally untenable. We are unable to perceive any difference in the name of the appellee as used in bringing the suit, and the name as used in the bond. The words " of Hartford," following the corporate name of the appellee in the bond, may be regarded as simply designating the principal place of business of the corporation. There was, therefore, no variance between the declaration and the bond offered in evidence.

No demand was necessary before bringing the suit. The bond does not, in express terms, provide for a demand, to create the liability. The liability becomes fixed on a breach of the conditions. No reason is perceived for making a distinction between this and other writings obligatory. As a general rule, the bringing of the suit is a sufficient demand, and we can see nothing in this case to require the application of a different rule.

We think the second and fourth suggestions of error are well founded.

The verdict includes the whole amount received and in the hands of Mason, less $6.45. The verdict also includes the sum of $62, the balance of an unearned premium, never received by Mason. It is in proof that the agent of the appellee expressly forbade the assured to pay any more money to Mason. If this verdict includes the $62, and it certainly does, it is erroneous to that extent.

The undertaking of the appellant, as security for Mason, was only to the extent that he would faithfully account to the appellee for all that was properly due. The liability of the surety ought not to be enlarged on account of the *laches* of the agent. Only the amount of the premiums received, less the agent's usual commissions, was properly due to the appellee. The surety on the bond may be presumed to have contracted

in view of that fact.   If the commissions are not allowed, the appellant's liability is enlarged by some unfaithfulness of the principal, to that extent.   This can not be done.

The instructions were, therefore, erroneous, in not telling the jury that the appellant was only liable on the bond for the total amount of premiums received by Mason in his capacity of agent for the appellee, less the usual commissions to the agent.

It was error in the court to refuse to award a new trial, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*