CITIZENS BANK v. WHINERY BROTHERS, Appellants.

**Contract of Suretyship:** ADDITIONAL SECURITY: *When release.* Where a contract on which defendants were sureties was not altered by the creditors taking additional security, the fact that such security was taken without the sureties' consent does not operate to release them from liability.

**Mortgages:** APPLICATION OF PROCEEDS: *Secured and unsecured notes.* Where the holder of notes sued on, on which defendants were sureties, also held other unsecured notes against the debtor, and thereafter took a chattel mortgage on the debtor's property as security for all of the notes, it was entitled to apply the proceeds of a sale of such property, which was not sufficient to pay all the notes, first to the unsecured notes, and was not required to apply such proceeds *pro rata* to the payment of the notes on which defendants were sureties as well as those unsecured.

**SAME.** Code 1873, sections 3324, 3325, directing that any overplus remaining after satisfying the mortgage and costs shall be paid to the mortgagor, and, if there are no other liens, they shall be

paid off in order, etc , applies only to the disposition of overplus in the hands of the mortgagee after his debt is satisfied, and does not prescribe the application of payments to different debts held by the mortgagee, secured by the mortgage.

**Evidence: HARMLESS ERROR.** Where there was no evidence of a binding agreement for the extension of time for the payment of the note on which defendant was surety, refusal to allow a witness to state whether the sureties consented to the extension was without prejudice.

**SAME.** Since, under Code, section 3764, a dismissal will be presumed without prejudice, in the absence of proof to the contrary, it was not prejudicial error to allow a justice of the peace to state that the dismissal was without prejudice.

**Actions: AT LAW AND IN EQUITY:** *Accounting.* An action on notes secured by a mortgage, in which certain of the defendants, who were sureties, claimed an accounting of the proceeds of the mortgaged property, is not a proceeding in equity, but is purely an action at law.

**WAIVER OF RIGHT TO TRIAL IN EQUITY.** Where a jury was waived and on a ruling that the controversy was an action at law defendants made no objection that there was a stipulation that the case should be tried as an equity suit, it will be presumed that such stipulation was waived.

**Conflicting Evidence on Appeal:** *Review.* Where conclusions of the trial court are fully sustained by the evidence, which was conflicting, such conclusions will not be disturbed on appeal as to any matters of fact.

*Appeal from Hardin District Court.*—HON. B. P. BIRDSALL, Judge.

SATURDAY, JANUARY 27, 1900.

ACTION on two certain promissory notes made by one Arthur Whinery, the payment of which was guaranteed by defendant firm. The various defenses will be found set out in the opinion. There was a trial to the court, and from a judgment in plaintiff's favor defendants appeal.—*Affirmed.*

*G. W. Ward* and *J. L. Carney* for appellants.

*Albrook & Lundy* for appellee.

WATERMAN, J.—The making of the notes by Arthur Whinery and the guarantee thereof by defendant firm are not disputed. The first defense is that the payment of these notes, together with other indebtedness of Arthur Whinery, was secured by a chattel mortgage upon a large amount of personal property, which he executed to plaintiff on the express condition, which was assented to by the bank, that these defendants were to be released from further liability. Next it is claimed that, after the execution of said mortgage, defendants applied to plaintiff bank for said notes, stating that they were ready to arrange for the payment or security thereof, and were told that they need give themselves no uneasiness, that the bank had security therefor, and should not look to them for payment. This is set up as matter in estoppel. In the fourth division of the answer it is averred that the chattel mortgage was foreclosed by plaintiff, and more than enough money realized thereon to pay both of these notes, but that said money was wrongfully applied to the payment of other obligations secured thereby. Fifth, the laches of plaintiff is set up as a ground for the release of defendants. Finally, it is claimed the taking of the chattel mortgage to secure these notes, being done without the knowledge of defendants, operated to release them. Defendants prayed for an accounting as to the property taken under foreclosure, and to be dismissed with costs.

I.    The case was tried as a law case, but without a jury. Defendants insist that it should have been tried as an equitable action, because of their prayer for an accounting. Not every action for an accounting is cognizable in equity, and we are of opinion that this is purely a law action. *McMartin v. Bingham,* 27 Iowa, 234. It is, however, argued that there was an agreement that the case should be tried in equity, and the record discloses an entry to that effect. But two subsequent entries at different terms show that a jury was waived, and this, in connection with the fact that the agreement was not referred to when

the court made its ruling that the controversy was a law action, leads us to hold that it was ignored by the parties, and no rights claimed under it at that time.

II.   We are not disposed to interfere with the judgment of the trial court on any matter of fact.   The evidence was in conflict, and the conclusions of the learned judge are fully sustained.   This disposes of the claimed agreement to release the guarantors, and of the alleged laches of plaintiff.

III.   Were the sureties released because the chattel mortgage was taken without their knowledge?   Our attention has been called to no authority in support of the affirmative of the proposition.   The contract was in no wise altered.   All that is complained of in this connection is that the creditor took additional security, which was for the benefit of the guarantors.   This would not operate to release them.

IV.   The question of the application of payments is next discussed.   These two notes are the first described in the chattel mortgage, which secured a number of others.   The amount realized on the foreclosure of this mortgage was more than sufficient to pay the notes in suit, but all except thirty dollars was applied in payment of the other indebtedness mentioned.   No directions were given by the debtor, and nothing said by the surities, as to the manner of applying the mortgage fund.   Plaintiff insists that it had a right to apply it as it chose.   On the other hand, defendants assert that the proceeds of the foreclosure sale should have been applied in one of two ways:   (1) Upon the two first notes described in the mortgage, which were the two in suit; or (2) pro rata upon all the notes.   The rule in case of voluntary payments by a debtor is well established.   We need not repeat it.   It does not obtain here.   In case of the foreclosure of a mortgage made to secure several obligations the rule as to the application of payments varies, as stated by a learned text writer, in different states.   In

some, and perhaps the majority, the money received is applied pro-rata; in others it is applied in the order of maturity. 3 Randolph, Commercial Paper, 2166, and cases cited. There is still another class of cases which holds that, when a mortgage is made to secure several obligations, some of which are otherwise secured, the creditor, in case of foreclosure, may apply the proceeds upon the part secured only by the mortgage. *Noble v. Murphy,* 91 Mich. 653 (52 N. W. Rep. 148); *Bank v. Lewis,* 78 *Wis.* 475 (47 N. W. Rep. 834). There are decisions of this court also which sustain this rule. In *Small v. Older,* 57 Iowa, 326, plaintiff was the holder of two promissory notes, one signed by one Jamison alone, and the other by Jamison and defendant. Jamison made a mortgage to secure the payment of both notes. This mortgage was foreclosed, and, the proceeds thereof not being sufficient to satisfy both obligations, plaintiff applied the whole sum on the note signed by Jamison alone. The defendant, claiming to be a surety for Jamison, objected to this application. The court held that defendant was a joint maker, and upon the question of the right to apply the proceeds said: "It is urged that upon the facts alleged in the answer plaintiff was under obligation to apply the sum realized upon the foreclosure of the mortgage pro rata upon the notes secured. * * * The law secures to plaintiff the benefit of all the securities he held, and will so appropriate the sum realized as to secure payment of both debts. The plaintiff held but one security upon the debt secured by Jamison's note, namely, the mortgage. He held two securities for the debt owed by Jamison and defendant,—the mortgage and defendant's name upon the note. Now, as against the debtors, he is entitled to payment in full of his claims upon them. His securities will be so enforced that this right will be preserved. If the proceeds of the mortgaged property are applied pro rata on both notes, this right will be defeated; if it be applied upon the note signed by Jamison alone, it will be preserved. It will

be remembered that the debtors, Jamison and defendant, can base no equity upon any ground which would require proceedings resulting in the defeat of plaintiff, their creditor, as to any part of his claims. These views are correct whether defendant is to be regarded as a surety or principal in the note in suit." The case of *Hanson v. Manley,* 72 Iowa, 48, involves a state of facts quite like those in the case at bar. Four notes were given for a threshing machine. Manley was surety on two which first matured. A chattel mortgage had been given by the principal debtor to secure all of the notes. The mortgage was foreclosed and an amount received sufficient to satisfy the first two notes. The surety contended that it should be so applied. This court, speaking through Reed, J., said: "The person to whom the notes were given demanded security for the debt in addition to that afforded by the chattel mortgage, for the reason, doubtless, that, as the machine was to be kept and used by the mortgagor, it would not be sufficient security if the conditions of the mortgage should be broken. The mortgage was not given for defendant's protection, but both securities were for the protection of the creditor; and when he was compelled to foreclose the mortgage he clearly had the right to apply the proceeds of the sale first upon that portion of the debt for which he had no other security. Defendant's undertaking was accepted as a security for the debt in addition to that afforded by the mortgage, and there is no principle of equity upon which he can claim the benefit of that security to the detriment of the creditor." The rule announced in these cases is just. It is supported by authority, and we see no reason for not applying it here. In *Bank v. Dean,* 86 Iowa, 656, some language is used which we regard as not strictly necessary, under the facts, to a decision of the point there involved, indicating that the statutes (sections 3324, 3325, Code 1873) provide for and regulate the application of payments in cases of this kind. In our opinion, those sections only apply to the disposition of the overplus in the hands of a plaintiff after his debt is satisfied.

We do not find that this mortgage was taken by the bank in place of its other security, but rather it was to be in addition thereto.

V. A witness was asked whether defendants consented to the extension of the notes. An objection to this was sustained. The question called for a conclusion, but the ruling was not prejudicial, for there is no evidence of an agreement for an extension that was binding on plaintiff. A witness, who was a justice of the peace, answered that a dismissal of a case was without prejudice. This could not have harmed plaintiff. The dismissal being shown, will be presumed without prejudice. Code, section 3764.

The other errors complained of in the admission of testimony are not of a material character, and could not have affected the result. As they are not likely to again arise, we need give them no more than this general notice. No material error appearing, the judgment is AFFIRMED.

GRANGER, C. J., not sitting.