## H. H. Evans et al., on appeal of Grand Lodge Ancient Order of United Workmen of Nebraska, Appellant, v. Illinois Surety Company and James S. Hopkins, Receiver, Appellee.

### Gen. No. 25,868.

1. RECEIVERS, § 22*—*what is effect of receiver's appointment as to contracts.* The appointment of a receiver for a surety company does not cancel the contracts and obligations of the company then in force, although they are not at that time absolute and liquidated demands.

2. INDEMNITY, § 11*—*when statements in application are complied with.* Where an application for a surety bond contained answers stating that the books and accounts of the officer would be audited and verified monthly, and yearly, by a finance committee and expert auditor, and the evidence showed that monthly statements of a bank were checked by the finance committee as well as monthly reports by the officer, the promises as made were substantially kept and the surety company could not contend that the insured could not recover, even if it was conceded that the application was a part of the contract.

3. PRINCIPAL AND SURETY, § 8*—*what is liability of surety for damages.* Where the surety bond provided that the principal would "render a true account of his office, and of the doings therein, * * * to the proper authority when required," and that he would "faithfully account for all balances of money remaining in his hands at the termination of his office and deliver the same to his successor or to the person or persons authorized to receive the same," the liability of both principal and surety for damages arising from breaches of these provisions was not conditional but absolute, and no demand on the principal for the money which he failed to pay was necessary to establish such liability.

4. PRINCIPAL AND SURETY, § 37*—*what does not operate as discharge of surety.* Where plaintiff, who was secured by the bond of the defendant surety company, secured an additional bond in another company when a receiver was appointed for the defendant, plaintiff's action did not operate as a release of the security held from defendant.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same title and section number.

Evans v. Illinois Surety Co. et al., 220 Ill. App. 216.

Court at the March term, 1920.   Reversed and remanded with directions.   Opinion filed November 30, 1920.

Bulkley, More & Tallmadge, for appellant.

A. J. Hopkins, for receiver.

Mr. Justice Matchett delivered the opinion of the court.

The claimant, Grand Lodge of the Ancient Order of United Workmen of Nebraska, appeals from a decree entered by the superior court of Cook county dismissing a claim filed by it against James S. Hopkins, as receiver of Illinois Surety Company.

The claim was for the amount of $13,000 and the basis of the alleged liability was two bonds given by Edward L. Dodder, now deceased, but at the time the bonds were given, treasurer of the appellee order. These bonds were executed by said debtor as principal, and the Illinois Surety Company signed with him as his surety.   Each of the bonds is for the sum of $100,000, the first one covering the period from the 1st day of July, 1913, to the 30th day of June, 1915, inclusive, the second covering the period from the 1st day of July, 1915, to the 30th day of June, 1917, inclusive.   Each of the bonds was joint and several and bound the personal representatives and successors of the signers.   In each case the condition of the bond was: "If the said Edward L. Dodder shall render a true account of his office, and of the doings therein," for the respective dates covered as above set forth, "to the proper authority when required thereby, and shall promptly pay over to the persons or officers entitled thereto all moneys which may come into his hands by virtue of said office, and shall faithfully account for all balances of money remaining in his hands at the termination of his office and deliver the same to his successor or to the person or persons authorized to receive the same, then this bond to be void, otherwise to be and remain in full force and effect."

On April 19, 1916, appellee James S. Hopkins was appointed receiver of the Illinois Surety Company. On July 18 thereafter appellant secured an additional bond for Dodder with the National Surety Company as surety. The condition of this bond was that if Dodder should, on and after the 1st day of July, 1916, well and faithfully perform all the duties of said office and account for and turn over all moneys and property coming into his hands as such officer, then the obligation was to be void, otherwise to remain in full force and effect.

Dodder died by his own hand on the 4th day of January, 1917. It was alleged by the claimant that the examination of his accounts disclosed a shortage of $16,000. The National Surety Company made good $3,000 of this amount, and appellant's claim against receiver herein is for the balance of $13,000. A claim for that amount in favor of appellant has been allowed against the estate of Dodder by the county court of Douglas county, Nebraska.

The claim filed against Hopkins as receiver was referred to a master, who took the evidence and reported, recommending disallowance thereof for the reason, among others, that he found no breach of the bonds occurred prior to the 19th day of April, 1916, or prior to the 1st day of July, 1916. The master proceeded upon the theory that the appointment of the receiver had the effect of canceling the contracts and obligations of the Illinois Surety Company then in force, and which were not at that time absolute and liquidated demands.

We have already discussed this point at length in the case of the *State of Ohio v. Hopkins*, No. 25,686, *ante,* p. 199, in an opinion this day filed, in which this court holds adversely to the contention of the receiver on a similar state of facts appearing in that case. It will therefore be unnecessary to again discuss that point in this opinion, and unless it appears that there are other controlling reasons in this case on account of

which the decree must be sustained, it also must be reversed.

It is contended by the receiver that the claimant cannot recover at any rate because that in its application for the second surety bond certain answers were made by the claimant which were warranted to be true and which were not in fact true. These answers were to the effect that the books and accounts of Dodder would be audited and verified with the funds on hand and in the bank by the finance committee of the order monthly, and that at the end of the year an expert auditor would be employed to go over the books and accounts of the treasurer and have them verified with funds on hand and in the bank. It is claimed that the finance committee did not comply with these statements or conditions and that if it had done so the loss would not have occurred, and that for that reason the claimant may not be permitted to recover, citing *United States Fidelity & Guaranty Co. v. Downey,* 38 Colo. 414, 10 L. R. A. (N. S.) 323; *Hunt v. Fidelity & Casualty Co. of New York,* 99 Fed. 242; *Rice v. Fidelity & Deposit Co. of Maryland,* 103 Fed. 432.

Even if it is conceded, as the receiver contends, that the application for the surety bond in which these answers occur is a part of the whole contract (which appellant, relying on *Spence v. Central Acc. Ins. Co.,* 236 Ill. 444, contends is not the case), we think the contention of the receiver with respect thereto cannot be sustained because it appears from undisputed evidence that the promises as made were substantially kept. This evidence shows that the banks with which Dodder deposited the funds of the order were in the habit of sending a statement the first of each month showing the funds in their hands on the last day of the preceding month, and that these were checked up by the finance committee with the reports of Dodder made monthly to that committee; that all the funds

received by Dodder came from the grand recorder of the order and his predecessor and that Dodder's monthly statement was also checked against the grand recorder's cash book by the finance committee. These facts clearly distinguish this case from that of the *United States Fidelity & Guaranty Co. v. Downey, supra,* on which the receiver relies.

The receiver next contends that, as the undertaking of the bonds was that Mr. Dodder would render a true account of his office from the 1st day of July, 1913, to the proper authority when required, and promptly pay to the persons or officers entitled thereto all moneys which came into his hands at the termination of his office, it was necessary that a demand be made on Dodder for the money which he failed to pay before the surety would be liable. It is pointed out that Mr. Dodder paid every demand made on him for money by the claimant during his lifetime, and that the monthly reports made by him accounted for every dollar he received from the claimant. Therefore it is contended a demand was a necessary preliminary to recovery. Citing *Morley v. Town of Metamora,* 78 Ill. 394; *Roper v. Sangamon Lodge No. 6, I. O. O. F.,* 91 Ill. 518; *Cowden v. Trustees of Schools,* 236 Ill. 604; *Town of Cicero v. Grisko,* 240 Ill. 220.

The master not only found that such demand was necessary but that it should have been made prior to April 19, 1916 or July 1, 1916, but in view of our conclusion in the *State of Ohio v. Hopkins, supra,* this finding was erroneous. Moreover, we think the evidence shows that Mr. Dodder breached provisions of the bonds which would not require any demand to be made upon him to establish them. These provisions are that he would "render a true account of his office, and of the doings therein, * * * to the proper authority when required," and that he would "faithfully account for all balances of money remaining in his hands at the termination of his office and deliver the

same to his successor or to the person or persons authorized to receive the same.'' By the terms of the bonds the liability of both principal and surety for damages arising from these breaches was not conditional but absolute and no demand was necessary to establish it. Brandt on Suretyship and Guaranty (3rd Ed.), sec. 110; *Byrne v. Ætna Ins. Co.*, 56 Ill. 321; *Hough v. Aetna Life Ins. Co.*, 57 Ill. 318; *Winslow v. People*, 117 Ill. 152. Moreover, it appears from the evidence that demand was made upon Dodder's estate prior to the filing of the claim herein.

It is also argued for the receiver that the action of the claimant in securing the bond of the National Surety Company amounted to a release of the Illinois Surety Company from its obligations, but we find no evidence in the record tending to show that such was the fact. We can see no reason why upon the appointment of the receiver appellant might not take additional security if it saw fit so to do, or how such action on its part could operate as a release of security already held. *Oxley v. Storer*, 54 Ill. 159; *Pearsall v. Elgin Nat. Bank*, 182 Ill. App. 553; *Trustees of Presbyterian Board of Publication v. Gilliford*, 139 Ind. 524; *Champion Ice Mfg. & Cold Storage Co. v. American Bonding & Trust Co.*, 115 Ky. 863, 75 S. W. 197; *Citizens' Bank v. Whinery*, 110 Iowa, 390, 81 N. W. 694.

We think the court erred in approving the report of the master disallowing appellant's claim and the decree will be reversed and the cause remanded with directions to allow the claim.

*Reversed and remanded with directions.*

BARNES, P. J., and GRIDLEY, J., concur.