(No. 13803.—Judgment affirmed.)

H. H. EVANS *et al. vs.* THE ILLINOIS SURETY COMPANY.— (THE GRAND LODGE ANCIENT ORDER OF UNITED WORK- MEN OF NEBRASKA, Appellee, *vs.* JAMES S. HOPKINS, Receiver, Appellant.)

*Opinion filed April 21, 1921—Rehearing denied June 10, 1921.*

1. BONDS—*when warranty in application for bond is substan- tially complied with.* A warranty in the application for the bond of a treasurer of a lodge, amounting to an agreement on the part of the lodge that the treasurer's books and accounts will be audited and verified monthly with the funds on hand and in the bank, is substantially complied with where the banks in which the treasurer deposits the funds are in the habit of sending statements the first of each month, which are checked by the finance committee of the lodge with the treasurer's monthly report.

2. SAME—*when warranty in application for bond will not ben- efit surety.* A warranty in an application for a treasurer's bond amounting to an agreement that the treasurer's books shall be au- dited monthly will not benefit the surety where there is nothing in the bond making the application or the representations therein a part of its conditions.

3. SAME—*when demand is not necessary before bringing suit on bond.* Where a treasurer's bond does not in terms provide for a demand before the liability of the surety is created, demand is not necessary before bringing suit on the bond after a breach of its conditions.

4. SAME—*taking another surety after dissolution of a former surety company will not release security already held.* Securing additional protection with another surety company after a disso- lution of the company which is already bound will not operate as a release of the security already held, where it is not shown that there was any attempt to make the second company cancel the bond of the insolvent surety company and take over its liability.

5. Other questions in this case are controlled by the decision in *Evans v. Illinois Surety Co. (ante,* p. 101.)

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. DENIS E. SUL- LIVAN, Judge, presiding.

ALBERT J. HOPKINS, for appellant.

BULKLEY, MORE & TALLMADGE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

A bill for dissolution and receivership of the Illinois Surety Company was filed in the superior court of Cook county by fifty-four stockholders of that company, setting forth facts which the bill stated showed insolvency of the company and praying for an injunction against the further prosecution of its business. Under this bill James S. Hopkins was appointed receiver of said company, with power to do all acts necessary for the collection, marshaling and distribution of its assets and the closing of its business. The order also enjoined the further transaction of business. The claimant, the Grand Lodge Ancient Order of United Workmen of Nebraska, filed with the receiver a claim against the company for liability under two bonds given by the company to secure the faithful performance by Edward L. Dodder of his duties as grand treasurer of the Ancient Order of United Workmen of Nebraska. The bill was referred to a master of the superior court to take evidence, and he reported against allowing the claim of the grand lodge. The chancellor, on hearing the master's report, overruled exceptions by the grand lodge, confirmed the report and entered a decree accordingly. An appeal was taken to the Appellate Court, where the decree was reversed and an order entered directing the allowance of the claim. From that judgment a certificate of importance was granted by the Appellate Court and the case has been brought here by appeal.

June 20, 1913, the Illinois Surety Company, a corporation organized under the laws of this State to carry on a surety insurance business in various States, including Nebraska, executed as surety a written bond to the appellee with Edward L. Dodder as principal, in the penal sum of

$100,000. June 20, 1915, another bond was issued by the Illinois Surety Company to appellee with Dodder as principal and the surety company as surety. The two bonds were alike in all respects except their dates. The claim herein was filed for the amount of $13,000, and the basis of the alleged liability was the two bonds given by the company as surety, with Dodder (now deceased) as principal, Dodder being at the time the bonds were executed grand treasurer of the appellee order in Nebraska. Each of the bonds was joint and several and bound the personal representatives and successors of the signers, the condition in each being: "If the said E. L. Dodder shall render a true account of his office and of the doings therein, [for the respective dates covered by said bonds,] and shall promptly pay over to the persons or officers entitled thereto all moneys which may come into his hands by virtue of said office, and shall faithfully account for all balances of money remaining in his hands at the termination of his office and deliver the same to his successor or to the person or persons authorized to receive the same, then this bond to be void, otherwise to be and remain in full force." July 18, 1916, after the appointment of the receiver for the surety company, appellee secured an additional bond for Dodder with the National Surety Company as surety. The condition of this last bond was that if Dodder should, on and after the first day of July, 1916, well and faithfully perform all the duties of said office and account for and turn over all moneys and property coming into his hands as such officer, then the obligation was to be void, otherwise to remain in full force and effect. Dodder died by his own hand January 4, 1917. The record shows that on examination of his accounts he was found to have a shortage of some $16,000. The National Surety Company made good $3000 of this amount and appellant's claim against the receiver herein is for the balance, or $13,000. The county court of Douglas county, Nebraska, allowed a claim for this last named amount

against Dodder's estate. The claim filed by the grand lodge against the receiver of the Illinois Surety Company was apparently recommended by the master to be disallowed because he found that no breach of it had occurred prior to April, 1916, or prior to July 1, 1916. The master's finding, and the decree of the superior court entered in conformity therewith, were evidently made upon the theory that the appointment of the receiver had the effect of canceling the obligations of the Illinois Surety Company then in force and which were not at that time liquidated demands.

We have considered and discussed at some length in *Evans* v. *Illinois Surety Co.* (*ante,* p. 101,) the point upon which the report of the receiver and the decree of the court were founded. The decree in that case was entered in the same case as was this, and construed the same bill. That opinion holds adversely to the finding of the decree on a similar state of facts. This case was consolidated with that case in this court, but it is found to be necessary to write a separate opinion in this case because of certain points urged herein that were not urged in the other case.

Counsel for appellant in his oral argument stated that while he relied mainly on his contentions as to the legal questions decided in the *Evans case, supra,* he did not wish to waive any of the other points raised in his brief in this case. It is here urged that appellee did not comply with the warranty in its application for the bond from the Illinois Surety Company, and that the same being a part of the contract of indemnity and not complied with, leaves appellee in no position to assert a claim. The answers of appellant on which this argument is based were to the effect that the grand lodge agreed that the books and accounts of Dodder would be audited and verified with the funds on hand and in the bank by the finance committee of the grand lodge, monthly. In the last paragraph of the statement of the executive officer in the application for the bond herein it is stated: "It is agreed that the above

·answers are warranted to be true by the obligee and are taken as conditions precedent, and as the basis for the issuance, continuance or any renewal of or substitution for the bond applied for that may be issued by the Illinois Surety Company to the undersigned upon the person above named." Even if it be conceded, as counsel for the receiver argues, that the application in which these answers occur is a part of the whole contract, the receiver's contention with respect thereto cannot be sustained, because it appears from undisputed evidence that the promises as made were substantially kept. The evidence in the record shows that the banks with which Dodder deposited the funds of the order were in the habit of sending a statement the first of each month showing the funds in their hands on the last day of the preceding month, and that these were checked up by the finance committee with the reports which Dodder made monthly. Apparently the shortage was concealed by Dodder's scheme of checking back and forth between two banks in which the money was deposited. The examination of the finance committee was more extensive, as shown by the evidence, than it was in the case of *United States Fidelity and Guaranty Co. v. Downey,* 10 L. R. A. (N. S.) 323, which is cited as bearing strongly on this question by counsel for appellant. There is a plain distinction between the facts in this case and those in *Hunt* v. *Fidelity and Casualty Co.* 99 Fed. 242, *Rice* v. *Fidelity and Deposit Co.* 163 id. 427, and *United States Fidelity and Guaranty Co.* v. *Downey, supra.* There is nothing in the bond in this case making the application or the representations therein a part of the conditions of the bond.

It is also urged by counsel for the appellant that there should have been a demand made before bringing this suit. Waiving the question as to whether the claim filed in the county court in Nebraska against Dodder's estate for the amount claimed by the surety company amounted to a demand, in our judgment the liability of the principal and

surety, each, in this case was such that no demand was necessary. The bonds in question did not in terms provide for a demand before the liability was created, and the demand was therefore not necessary before bringing the suit. *Byrne* v. *Ætna Ins. Co.* 56 Ill. 321; *Winslow* v. *People,* 117 id. 152; Brandt on Suretyship and Guaranty, (3d ed.) sec. 110.

Counsel for appellant also argues that the bond of the National Surety Company was to take the place of the bond of the Illinois Surety Company. We find nothing in the bond itself or in the record that justifies any such conclusion. While the execution of this new bond of the National Surety Company was undoubtedly to secure protection,—as, naturally, upon the appointment of a receiver for the Illinois Surety Company the grand lodge could not be certain that said company would continue to afford protection,—it does not appear anywhere in the evidence that there was any attempt to make the National Surety Company bond cancel the bond of the Illinois Surety Company and take over its liability. It seems clear from the record that it was secured by the grand lodge as an independent undertaking. No reason is shown why appellee might not take additional security if it saw fit so to do or how such action on its part would operate in any way as a release of the security already held. It was simply another indemnity not in any way changing the contract of the Illinois Surety Company or releasing it from its obligation or doing it any injury. *Oxley* v. *Storer,* 54 Ill. 159; *Brown* v. *Abbott,* 110 id. 162; 20 Cyc. 1476.

The Appellate Court rightly reversed the decree of the superior court as to this claim, with directions that the claim should be allowed.

The judgment of the Appellate Court will therefore be affirmed.                    *Judgment affirmed.*